**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANDREW ELLNER
210 W.77th Street
Apt 8W
New York, NY 10024,

    vs.

BREM MOLDOVSKY, LLC
100 North 18th Street
Suite 300
Philadelphia, PA 19103
    and
BREM MOLDOVSKY
100 North 18th Street
Suite 300
Philadelphia, PA 19103
    and
GERALD J. POMERANTZ, ESQUIRE
The Coventry House
7301 Coventry Avenue
Suite 501
Elkins Park, PA 19027

**CIVIL ACTION COMPLAINT**

Plaintiff Andrew Ellner, by and through the undersigned counsel, hereby files this civil action complaint and in support avers as follows:

**SUMMARY OF CLAIM**

This lawsuit raises claims of abuse of process and wrongful use of civil proceedings, pursuant to 42 Pa. C.S.A. § 8351, *et seq.,* also known as the Dragonetti Act.  On February 15, 2019, Defendants brought a specious, unjustifiable, and malicious lawsuit against plaintiff, a former client, in Bucks County, Pennsylvania.  Although that lawsuit was principally directed at Jonathan Miller, Esquire who had replaced Defendant Moldovsky as Plaintiff's lawyer in a lawsuit then pending in New York, Defendants insisted on dragging Plaintiff into the Bucks County

dispute, when Plaintiff is a New York resident who hired Moldovsky and his firm to represent Plaintiff in a New York lawsuit. Moldovsky's claims against Ellner in the Bucks County lawsuit were baseless. Ellner was forced to defend himself through three iterations of Moldovsky's misguided claims, all of which have been dismissed in Plaintiff's favor. Plaintiff now seeks to recover the legal expenses and all other damages provided for by law to which he is now entitled under the Dragonetti Act 42 Pa. C.S.A.§ 8353, and for Defendants' abuse of civil process.

## PARTIES

1. Plaintiff Andrew Ellner ("Ellner") is an adult individual and citizen of the State of New York with an address at 210 W. 77th Street, Apartment 8W, New York, New York 10024.

2. Defendant Brem Moldovsky, LLC is a law firm and Pennsylvania limited liability corporation with a principal place of business located at 100 North 18th Street, Suite 300, Philadelphia, Pennsylvania 19103.

3. Defendant Brem Moldovsky, Esquire is an attorney licensed to practice law in the Commonwealth of Pennsylvania with an office located at 100 North 18th Street, Suite 300, Philadelphia, Pennsylvania 19103. Brem Moldovsky resides in Bucks County, Pennsylvania.

4. Defendant Gerald J. Pomerantz, Esquire is an attorney licensed to practice law in the Commonwealth of Pennsylvania with an office address at The Coventry House, 7301 Coventry Avenue, Elkins Park, Pennsylvania 19027.

5. At all times relevant hereto defendants Moldovsky and Pomerantz worked together on behalf of or were otherwise affiliated in the prosecution of the underlying lawsuit which forms the basis for this litigation.

6. At all times relevant hereto Moldovsky and Pomerantz acted through their agents, servants, employees, and ostensible agents to include one another.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 (a) based upon diversity of citizenship of the parties.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  Furthermore, the amount in controversy exceeds the compulsory arbitration limits of $150,000 as provided for within the United States District Court for the Eastern District of Pennsylvania.

8.  Venue is proper in this District under 28 U.S.C. § 1391 because the Defendants are citizens of this district and a substantial portion of the activities giving rise to this cause of action occurred in this District and Plaintiff suffered injury within this District.

## FACTS

9.  In or about February 2017, Plaintiff Ellner engaged the services of Defendant Brem Moldovsky for the purposes of providing legal representation in a business dispute brought in the United States District Court for the Southern District of New York, *Lighthouse Ventures LLC, et al. v 3d Home, No 16-cv-2379* (the "New York Matter").

10. The engagement of Defendant Moldovsky was memorialized in a fee agreement.

11. During that engagement, various disputes and disagreements arose between Ellner and Defendant Moldovsky, with respect to Moldovsky's billing practices.

12. Defendant Moldovsky, Moldovsky, demanded that Ellner enter into a new and revised fee agreement or else Moldovsky would leave the representation.

13. Despite a modification to the agreement, Ellner and Defendant Moldovsky continued to disagree over Defendant Moldovky's billing practices.

14. In or about the spring 2018, Moldovsky made certain demands on Ellner with respect to payments Ellner putatively owed to him.

3

15. As a result of these disagreements and disputes over the bills, Moldovsky and his firm terminated the professional relationship with Plaintiff in May 2018.

16. During the representation and before May 2018, Ellner was introduced to Jonathan Miller, Esquire, who was apparently assisting Moldovsky in representing Ellner in the New York Matter.

17. When Moldovsky terminated Ellner, Plaintiff engaged Miller to continue the representation in the New York Matter.

18. Within weeks of the change of counsel, Defendant Moldovsky launched a campaign against Miller, accusing Miller of disloyalty to him and various other wrongful acts.

19. Plaintiff had nothing to do with the deterioration of Miller's relationship with Moldovsky or the conduct and dispute between Moldovsky and Miller, but was adversely affected by it to the extent that it interfered with a smooth transition of representation in the New York Matter.

20. Defendant Moldovsky also brought an action against Plaintiff in New York to collect unpaid fees.

21. On or about Feb 15, 2019, Moldovsky and his firm, who were represented *pro se* and by Moldovsky's father-in-law, Gerald J. Pomerantz, Esquire, also filed a Writ of Summons against Ellner and Miller in the Pennsylvania Court of Common Pleas, Bucks County (the "Bucks County Lawsuit"), captioned *Brem Moldovsky, Esquire and Brem Moldovsky, LLC v. Jonathan Miller d/b/a The Law Firm of Jonathan R. Miller, Andrew Ellner, Lightbox Ventures, LLC, and Lightbox Capital Management, LLC,* 2019-00793. (A true and correct copy of the Complaint is attached as Exhibit A).

22. Ellner engaged the services of the law firm Fox Rothchild, LLP to represent him in the Bucks County Lawsuit.

23. On May 17, 2019, Plaintiff, through Fox Rothchild, filed a Rule to File a Complaint on Moldovsky and his firm.

24. In response to the Rule to file a Complaint, Moldovksy and his firm, through Pomerantz, filed a motion to take pre-complaint discovery.

25. The motion was opposed.

26. Defendant's Petition for pre-complaint discovery was denied.

27. Moldovsky and his firm, through Moldovsky and Pomerantz, then filed a 279-paragraph complaint in the Bucks County Lawsuit against Miller, Ellner.

28. The Complaint contained claims of a fractured personal friendship with Miller, deceit by Miller, and putative breach of attorney-client Privilege between Moldovsky and Miller.

29. The complaint in the Bucks County Lawsuit also claimed that Ellner had, on one or more occasions, recorded phone conversations between Moldovsky and Ellner.

30. All of the conversations allegedly recorded were between Ellner in New York and Moldovsky's phone number for his New York office.

31. There is no prohibition on recording phone conversations in New York.

32. Yet, Defendants claimed that the recordings made by Ellner were illegal.

33. Moreover, when the Bucks County Lawsuit was filed, Pennsylvania Courts had no jurisdiction over Ellner, which Defendants should have known. Any in-person meetings between Moldovksy and Ellner were in New York and the representation took place in New York. Ellner had no relationship to Bucks County, Pennsylvania.

34. Additionally, even assuming the facts as alleged in the Bucks County Lawsuit were correct, which they were not, there had been no violation of the law by Plaintiff Ellner under existing and relevant law, which Defendants, as attorneys, should have known before filing the claims.

35. On June 17, 2019, Fox Rothchild, on Ellner's behalf, filed Preliminary Objections to Defendants' complaint in the Bucks County Lawsuit.

36. Defendants then filed an amended complaint in the Bucks County Lawsuit on July 8, 2019.

37. No material aspect of Defendants' putative claims against Ellner were changed in the amended complaint filed in the Bucks County Lawsuit.

38. Again, Ellner filed preliminary objections, which resulted in the filing of further amended complaints.

39. Indeed, Defendants filed a second (on August 15, 2019) and a third Amended Complaint (on September 24, 2019) against Miller, Ellner, and others, each time repeating the original claims they had made as against Ellner. (A true and correct copy of the Third Amended Complaint is attached as Exhibit B).

40. Each time, Ellner filed preliminary objections to the pleading.

41. Each round of preliminary objections cost money for Fox Rothschild to prepare and file.

42. Finally, Defendants filed a fourth Amended Complaint but did not name Ellner as a party, effectively discontinuing the claim.

43. On or about November 7, 2019, Defendants voluntarily withdrew their action against Plaintiff.

44. At the time the Bucks County Lawsuit was ended against Ellner, Ellner had incurred in excess of $50,000.00 in legal bills for Fox Rothschild's defense of the claims.

45. At no time did Defendants ever have proper jurisdiction over Ellner in Bucks County, Pennsylvania, or anywhere else in Pennsylvania.

46. At no time did Defendants ever have a factual basis for any claim against Ellner.

47. At no time did Defendants ever have a legal basis for a claim against Ellner.

48. Indeed, all claims made by Defendants against Ellner in the Bucks County Lawsuit have been resolved in his favor.

49. Defending against this frivolous litigation caused Ellner to incur expense and losses in efficiency and time from work, which is tied to financial loss.

50. Defending against this frivolous litigation also caused stress and anguish to Ellner as well as embarrassment and humiliation.

51. There was no proper purpose to including Ellner in the Bucks County Action.

52. Doing so was designed purely to harass Ellner, which is not a proper purpose for litigation and is a perversion of the legal system and a miscarriage of justice.

53. Defendants Moldovsky and Pomerantz are practicing lawyers, who have engaged in the wrongful use of civil proceedings and abuse of process against Ellner causing Plaintiff financial losses and emotional and reputational harm.

### COUNT I – WRONGFUL USE OF CIVIL PROCEEDINGS
### Plaintiff v. All Defendant

54. Plaintiff incorporates each of the foregoing paragraphs by reference as though fully set forth below in this Count.

55. Defendants procured, initiated, and continued a civil action in a grossly negligent manner or without probable cause for a purpose other than securing the proper discovery, joinder

of parties, or adjudication of the claim in which pleadings are based, in disregard for plaintiff's rights, and in violation of the Pennsylvania Dragonetti Act, 42 Pa. C.S.A. § 8351, *et seq.*

56. Defendants continued to pursue their claims in the Bucks County Action against Plaintiff through three amendments to the complaint, despite being repeatedly advised by Ellner, through counsel, that there was no legitimate claim against Ellner.

57. This wrongful use of civil proceedings caused financial and reputational harm to Ellner, which harm is recoverable in this action.

58. Under the Dragonetti Act, counsel for Moldovsky and Brem Moldovsky, LLC, Pomerantz, is also liable to Ellner.

59. The Defendants' conduct under the circumstances was outrageous and shocking to the conscience and was in willful disregard of the law.

60. Accordingly, pursuant to 42 Pa.C.S.A. § 8353(5) Plaintiff also seeks punitive damages.

WHEREFORE, Plaintiff seeks the entry of a judgment and order against defendants in an amount more than $150,000 for his financial losses and emotional distress, and emarassment, as set forth in 42 Pa.C.S.A. § 8353(1)-(5) including all awardable costs, interest, and punitive damages.

### COUNT II – ABUSE OF PROCESS
### Plaintiff v. Moldovsky and Brem Moldovsky, LLC

61. Plaintiff incorporates each of the foregoing paragraphs by reference as though more fully set forth below in this Count.

62. Defendants used civil process in a manner for which it was not designed and to harass Plaintiff.

63. Defendants purportedly served Ellner with a Writ of Summons by leaving a copy of the summons with the doorman of Plaintiff's apartment Building.

64. The doorman to Plaintiff Ellner's building was not Ellner's authorized agent.

65. Accordingly, Defendants did not properly serve Ellner with the Writ of Summons in the Bucks County Lawsuit.

66. Thus, Defendants never accomplished proper service.

67. Defendants' attempt to hail Plaintiff into a Pennsylvania Court was, under the circumstances, improper and an abuse of civil process, designed to inconvenience him, harass him, and increase his defense costs.

68. Defendants knew that Plaintiff was not a citizen of Pennsylvania and was not subject to the jurisdiction of the courts in Pennsylvania.

69. Defendants attempted to bootstrap the lack of jurisdiction by contending that Ellner had engaged in unlawful recording of telephone conversations between Ellner and Moldovsky while they were in a lawyer client relationship.

70. Defendants also knew that all activity involving Ellner occurred in New York (where the recording of phone conversations does not require the consent of both parties) and was not illegal.

71. Defendants were aware at all times that they did not have any viable claims against Ellner, but pursued them nonetheless, not to recover any damages, but simply to harass Ellner.

72. That is an abuse of civil process and a perversion of justice.

73. This abuse of civil process caused Ellner humiliation and embarrassment and caused him financial harm to defend against these claims.

74. This abuse of civil process in forcing Ellner to defend himself in a foreign court and for claims involving conduct that was not in violation of the law where the conduct occurred, is so shocking to the conscience and outrageous so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff seeks the entry of a judgment and order against defendants in an amount in excess of $150,000 for compensatory damages together with an award of interest, all allowable costs, and punitive damages.

Respectfully submitted:

**HAINES & ASSOCIATES**

 /s/ Clifford E. Haines
CLIFFORD E. HAINES
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107
(215) 246-2200 (t.)
(215) 246-2211 (f.)
*Counsel for Plaintiff Andrew Ellner*

Dated: December 8, 2020